**AMERICAN ASSOCIATION OF RE-TIRED PERSONS, Older Women's League and Nella S. Gent, Appellants**

v.

**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION.**

No. 88–5183.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 14, 1989.

Decided May 5, 1989.

As Amended May 5, 1989.

Theodore D. Kramer, with whom David G. O'Neil, Raymond C. Fay, Thomas R. Gibbon, and Burton D. Fretz, Washington, D.C., were on the brief, for appellants.

Rick Lloyd Richmond, Atty., Dept. of Justice, with whom John R. Bolton, Asst. Atty. Gen., Jay B. Stephens, U.S. Atty., and Michael Jay Singer, Atty., Dept. of Justice, Washington, D.C., were on the brief, for appellee.

Before ROBINSON, EDWARDS and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Nella S. Gent ("Gent") and the Older Women's League ("OWL") appeal the District Court's denial of a motion to reconsider a Federal Magistrate's decision denying them attorneys' fees under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504; 28 U.S.C. § 2412 (1982 & Supp. IV 1986). The Magistrate, relying upon our decision in *Unification Church v. INS*, 762 F.2d 1077 (D.C.Cir.1985), held that the American Association of Retired Persons ("AARP") was the real party in interest in a suit that Gent, OWL, and AARP brought against the Equal Employment Opportunity Commission ("EEOC"), and therefore only AARP could, if it qualified under the EAJA, recover attorneys' fees. Since the plaintiffs did not establish the eligibility of AARP, the Magistrate did not award any fees. For the reasons provided herein, we affirm in part, reverse in part, and remand to the District Court.

## I. BACKGROUND

Gent, OWL, and AARP joined in a suit to compel the EEOC to revise an Interpretative Bulletin [1] and to adopt new regulations relating to the obligations of employers to contribute to retirement plans for employees working past a plan's "normal" retirement age, pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34 (1982). The District Court granted summary judgment for appellants and ordered the EEOC to rescind its Bulletin and promulgate new regulations. *See American Ass'n of Retired Persons v. Equal Employment Opportunity Comm'n*, 655 F.Supp. 228 (D.D.C.), *rev'd in part*, 823 F.2d 600 (D.C.Cir.1987). EEOC appealed only a portion of the District Court order and remained bound to the portion of the order it did not appeal, namely the directive from the District Court to repeal and revise the Interpretative Bulletin. Gent and OWL seek attorneys' fees since they prevailed on this portion of the order.

Gent and OWL, but not AARP, filed application in District Court for attorneys' fees under the EAJA.[2] The District Court referred the application to a Magistrate, who held for the EEOC, finding that AARP "played the dominant role throughout the litigation" and was "the only plaintiff to have incurred legal fees and costs." *Order, American Assoc. of Retired Persons v. EEOC*, No. 86–1740, 1988 WL 5814 (D.D.C. Jan. 15, 1988) ("Magistrate's Order") at 3. The Magistrate concluded as a matter of law that since AARP, the "predominant plaintiff ... and the only plaintiff to have incurred legal fees," had not proven its eligibility to recover fees under the EAJA, then Gent and OWL would not qualify for fees. *Id.*

---

1. *See* 29 C.F.R. § 860.120(f)(1)(iv)(B)(1)–(7) (1986).

2. The EAJA, in pertinent part, reads
   [u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.
   28 U.S.C. § 2412(b).

AARP neither joined in the application for attorneys' fees nor submitted its own application for fees. An association, corporation, or organization with a net worth exceeding $7 million is ineligible for EAJA attorneys' fees unless it is a section 501(c)(3) tax exempt, non-profit organization under the Internal Revenue Code or a section 15(a) cooperative association under the Agricultural Marketing Act. *See* 28 U.S.C. § 2412(d)(2)(B)(ii). An association, corporation, or other organization with 500 or more employees is ineligible for EAJA attorneys' fees, regardless of whether it is a tax exempt, non-profit entity or a cooperative association. *Id.* § 2412(d)(2)(B)(ii). *See also Unification Church,* 762 F.2d at 1092. EEOC asserted that AARP did not meet the size qualifications to entitle it to recovery of fees under the EAJA. Appellants have offered neither argument nor evidence to the contrary.

The Magistrate emphasized that a plaintiff may only recover attorneys' fees from the United States if the plaintiff seeking fees is a real party in interest as determined by whether that plaintiff would be " 'liable for fees if court-awarded fees are denied.' " Magistrate's Order at 2 (quoting *Unification Church,* 762 F.2d at 1082). Thus, since only AARP incurred any liability for fees (since Gent's and OWL's respective attorneys served *pro bono* ), the Magistrate concluded that no plaintiff could recover attorneys' fees. Magistrate's Order at 4.

Upon the District Court's denial of a motion for reconsideration of the Magistrate's Order, *American Ass'n of Retired Persons v. EEOC,* No. 86–1740 (D.D.C. April 7, 1988), Gent and OWL appealed to this Court.

## II. ANALYSIS

### A. *The Representation Agreements*

An understanding of the obligations and arrangements between each plaintiff and each counsel in the original litigation against EEOC underlies our disposition of the attorneys' fees claim. AARP entered the original litigation with in-house counsel. Eventually, however, AARP retained the firm of Haley, Bader & Potts for $5,000. AARP additionally reimbursed Haley, Bader & Potts for expenses amounting to approximately $2,000. It is undisputed that Haley, Bader & Potts was initially retained as and remained AARP counsel of record throughout the litigation.

Gent and OWL entered the litigation with their own counsel, Burton Fretz of the National Senior Citizens Law Center and Edward Howard of the Villers Foundation, respectively. These two served *pro bono,* so no legal obligation for attorneys' fees arose between clients Gent and OWL and their respective counsel.

To avoid duplicating efforts in the underlying litigation, AARP, Gent, and OWL agreed to cooperate. Raymond C. Fay, a partner with Haley, Bader & Potts, agreed to act as "lead counsel ... although counsel entered appearances separately for the respective plaintiffs." Brief for Appellants at 5. Despite this teaming of litigation efforts, counsel of record for each party remained unchanged throughout the litigation.

In the instant matter, Gent and OWL apply for $73,493.67 in fees, most of which would be paid to Haley, Bader & Potts for attorney and paralegal hours.[3] Although Haley, Bader & Potts received $7,000 from AARP and remained its counsel of record, Gent and OWL contend that the firm was mutually working for them and AARP.

### B. *The* Unification Church *Doctrine*

In our decision in *Unification Church v. INS,* 762 F.2d 1077, we denied EAJA attorneys' fees to the Unification Church and three of its members, prevailing plaintiffs in a suit against the Immigration and Naturalization Service.[4] After the District

---

**3.** The Magistrate found that 529 of the approximately 635 attorney hours of claimed time were expended by Haley, Bader & Potts. Magistrate's Order at 3. This amounts to approximately 83% of the generated attorney time.

**4.** *See Unification Church v. INS,* 547 F.Supp. 623 (D.D.C.1982).

Court denied fee recovery, this Court concluded that the Unification Church was the only real party in interest and, because the Church failed to meet the size requirements for recovering attorneys' fees under the EAJA, the remaining individual plaintiffs could not recover fees. We held

> that, where the *fee arrangement among the plaintiffs* is such that only some of them will be liable for attorney's fees, the court shall consider only the qualifications *vel non* under the [EAJA] of those parties that will be themselves liable for fees if court-awarded fees are denied.

*Id.* at 1082 (emphasis added).

In our review of *Unification Church*, we are convinced that the essential language is *"fee arrangement among the plaintiffs."* The *Unification Church* panel made it very clear that the "case involve[d] an arrangement among *clients* as to who will pay the fees." *Id.* at 1083 (emphasis in original). In cases preceding *Unification Church* where courts had awarded attorneys' fees to plaintiffs represented by *pro bono* counsel, particularly legal aid societies, "the agreements at issue could be characterized as between attorneys or as between an attorney and his client, but not as between clients." *Id.*

Obviously, a client who has a *pro bono* relationship with counsel has no liability for fees. Nonetheless, that client may be a *bona fide* party in a suit against the United States. As *Unification Church* and our recent decision in *Save Our Cumberland Mtns., Inc. v. Hodel,* 857 F.2d 1516, 1520 (D.C.Cir.1988) (*en banc*) ("the public spirited attorney … [may] be awarded [attorneys' fees] for his *pro bono* efforts") suggest, the mere non-existence of liability for legal fees between client and counsel does not automatically disqualify a plaintiff from recovering attorneys' fees. Thus, the essential question is whether there is some relationship or agreement among all or some of the various plaintiffs, either explicit or implicit, permitting a plaintiff, which would "obviously not qualif[y] for an award, … [to] receive free legal services if its side were to prevail." *Unification Church,* 762 F.2d at 1082.

In *Unification Church,* it was clear that the Church was the real party in interest and did have such an arrangement with its three co-plaintiffs. Only one counsel represented all plaintiffs, and he had often served as the Church's counsel before the suit was brought. Thus, this Court properly denied all plaintiffs legal fees.

In the case at bar, however, the record is not as clear. According to Black's Law Dictionary, a "party is a 'real party in interest' if it has the legal right under the applicable substantive law to enforce the claim in question." Black's Law Dictionary 1137 (5th ed. 1979). Each of the three independent plaintiffs obtained its own counsel, thereby each having the severable legal right to apply for fees for that counsel. AARP retained Raymond Fay of Haley, Bader & Potts; Gent retained Burton Fretz of the National Senior Citizens Law Center; and OWL retained Edward Howard of the Villers Foundation. Each attorney remained counsel of record for his respective client throughout the proceedings. The plaintiffs only consolidated their claims in the underlying litigation to avoid duplicating efforts, since all ultimately sought to force the EEOC to promulgate new regulations under the Age Discrimination in Employment Act. But for the consolidation of their claims, Gent could apply for fees for Fretz's services, and OWL could apply for fees for Howard's services. The record reflects and the Magistrate found no arrangement among plaintiffs for the responsibility of attorneys' fees for Fretz or Howard.

Absent a clear arrangement *among plaintiffs,* a district court may consider a variety of factors to determine whether there is only one real party in interest, as in *Unification Church,* or whether there are multiple real parties in interest, as here. First, a district court should consider whether there is one counsel representing several plaintiffs of disparate size or wealth, especially where the size or wealth of one or more of those plaintiffs would likely disqualify it from recovering fees

under the EAJA. *Cf. Unification Church,* 762 F.2d at 1082. Second, a court should determine who is counsel of record for each plaintiff and when and how long that attorney became and has been counsel of record for that plaintiff. We note that parties can manipulate who is counsel of record and caution courts not to consider this determinative. Third, a court should consider appearances and representations made by the various attorneys on behalf of their respective clients—a counsel cooperating with another client's counsel but retaining the responsibility to speak for his client supports a finding of multiple real parties in interest. And fourth, a court should consider whether some plaintiffs have retained *pro bono* or legal aid society counsel; such an arrangement may indicate that a plaintiff pursued counsel independent of the stimulus of a large or wealthy plaintiff. *See id.* at 1083 ("The possibility of one client using another to obtain fees otherwise unavailable under [EAJA] ... [is] absent in the cases involving legal-service organizations....").[5]

■ In the case at bar, we have one counsel who served as "lead counsel," Raymond Fay, and whose firm, Haley, Bader & Potts, accumulated by far the largest amount of fees. Although the record supports Fay's claims that he served as lead counsel for the underlying litigation, the record also supports a conclusion that only AARP officially retained and paid Fay and his firm. *See* Magistrate's Order at 3 (Gent and OWL "undertook no obligation to pay" Haley, Bader & Potts). Moreover, Fay was initially and throughout the litigation AARP's counsel of record. Nowhere in the record is there any significant evidence of a fee arrangement among AARP, Gent, or OWL as to who would be liable to Haley, Bader & Potts, for the reason, we presume, that they always considered Haley, Bader & Potts to be AARP's counsel. Thus, AARP is the only real party in interest with respect to attorneys' fees of Fay and Haley, Bader & Potts. Since AARP did not file an application for attorneys'

fees, Gent and OWL are not entitled to fees for (1) Fay's services, (2) any services provided by Haley, Bader & Potts, (3) any services provided by Fay's current firm, Bell, Boyd & Lloyd, or (4) any services provided by AARP's in-house counsel.

■ On the other hand, the record supports our conclusion that Gent and OWL are real parties in interest with respect to services rendered by attorneys Fretz and Howard, respectively. Since Fretz and Howard served *pro bono,* neither Gent nor OWL are technically obligated to pay for their services. That should not diminish the fact that Gent and OWL, independent of AARP, initially retained their services. Moreover, throughout the litigation, Fretz and Howard remained counsel of record for Gent and OWL and made separate appearances on behalf of their respective clients. Thus, Gent and OWL, if they qualify under the EAJA, should be able to recover "reasonable fees and expenses of attorneys" for their independently retained *pro bono* counsel despite the fact that, if we denied fees, they would not pay any fees to counsel. *See* 28 U.S.C. § 2412(b).[6]

In summary, we hold that there may be multiple real parties in interest under the *Unification Church* doctrine. Thus, the United States may be liable for attorneys' fees to some plaintiffs who qualify under EAJA, but, in the same litigation, may not be liable to other plaintiffs who do not or would not, if they applied, qualify under the EAJA. *Cf. Sierra Club v. U.S. Army Corps of Eng'rs,* 776 F.2d 383, 393–94 (2d Cir.1985) (fees awarded based on a ratio of eligible plaintiffs to total plaintiffs), *cert. denied,* 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986); *Citizens Council of Delaware County v. Brinegar,* 741 F.2d 584, 597 (3d Cir.1984) (two of four plaintiffs found ineligible for fees). At the same time, we caution district courts not to award EAJA fees when ineligible plaintiffs merely join eligible plaintiffs "to take a free ride through the judicial process at the

---

**5.** We suggest these factors as applicable examples, not as an exhaustion of the universe of possible considerations.

**6.** *See supra* note 2.

government's expense." *Louisiana ex rel. Guste v. Lee,* 853 F.2d 1219, 1225 (5th Cir.1988).

This conclusion, we believe, is consistent with *Unification Church,* as the *central concern* there was the fee arrangement *among the plaintiffs,* not the arrangement between each attorney and his client.

### III. Conclusion

For the reasons provided above, we affirm in part and reverse in part the decision of the District Court. We remand for a proper determination of whether Gent and OWL qualify for attorneys' fees under the EAJA, and, if so, the amount of attorneys' fees recoverable by Gent and OWL, if any, for the services of Burton Fretz of the National Senior Citizens Law Center and Edward Howard of the Villers Foundation.[7]

7. We note that plaintiffs have not applied for fees for the services of Edward Howard. We must assume without deciding that plaintiffs are barred from recovering fees for Howard's services since such an application would be more than thirty days after the judgment on the underlying litigation became final. 28 U.S.C. § 2412(d)(1)(B). *See also Massachusetts Union of Public Housing Tenants, Inc. v. Pierce,* 755 F.2d 177 (D.C.Cir.1985) (per curiam) (applications must be filed within thirty days of judgment on the underlying litigation finalized by completed or foregone appeal); *Brock v. Writers Guild of America, West, Inc.,* 762 F.2d 1349, 1360 (9th Cir.1985) (filing of application is prerequisite for award); *Action on Smoking and Health v. CAB,* 724 F.2d 211, 225 (D.C.Cir.1984) (failure to file within thirty days deprives a court of subject matter jurisdiction); *Rawlins v. United States,* 686 F.2d 903, 914 (Ct.Cl.1982) (court may not consider plaintiff's claim for attorneys' fees without application).