**ZAPATA HAYNIE CORP.,**
**Plaintiff–Appellant,**

v.

**Francis ARTHUR, et al., Defendants,**

**Margaret Hebert Jackson, etc., et al.,**
**Defendants–Appellees.**

No. 90–4351.

United States Court of Appeals,
Fifth Circuit.

March 21, 1991.

Deborah D. Kuchler, Lawrence E. Abbott, John P. Napolitano, Jr., Abbott, Best & Meeks, New Orleans, La., for Zapata Haynie Corp.

J.B. Jones, Jr., Jennifer Jones Bercier, Jones, Jones & Alexander, Cameron, La., for Mary King, Diane Arthur and Margaret Jackson.

Donald R. Abaunza, S. Gene Fendler, Liskow & Lewis, New Orleans, La., for Natural Gas Pipeline Co. of America.

Larry A. Roach, Lake Charles, La., for Linda Gayle Benjamin.

Before WISDOM, JOLLY and DAVIS, Circuit Judges.

WISDOM, Circuit Judge:

This case addresses the issue whether 46 U.S.C.App. § 187 deprives a district court of the power to stay a state court proceeding against a ship's master, pending disposition of a limitation proceeding brought by the ship's owners. Because we find that 46 U.S.C.App. § 187 does deprive a district court of such power, we AFFIRM.

## BACKGROUND

The facts in this case are undisputed. On October 3, 1989, the F/V NORTHUMBERLAND, owned by Zapata Haynie Corporation ("Zapata"), was engaged in menhaden fishing off the coast of Texas when

it collided with an unburied 16–inch natural gas pipeline owned by Natural Gas Pipeline Company of America ("Natural Gas"). The resulting explosion and fire caused the deaths of eleven of the fourteen crew members.

On October 16, 1989, Zapata filed a limitation proceeding in federal court pursuant to the Limitation of Shipowners' Liability Act, ("the Act"), 46 U.S.C.App. § 181 et seq. The district court immediately enjoined the filing, commencement, or further prosecution of any actions or proceedings against Zapata relating to the collision. Natural Gas, the three surviving crew members, and representatives of the deceased crew members filed claims of over $140,000,000 against the $10,000 limitation fund. Several of the claimants also filed suit in Louisiana state court against Captain Gough, the master of the F/V NORTHUMBERLAND at the time of the collision.

Zapata moved to amend the district court's restraining order, asking the court to forbid the commencement or further prosecution of any action against Captain Gough. The district court denied the motion. We now review Zapata's appeal of the district court's refusal to amend its orders.

Because this case is one of statutory interpretation, we review it *de novo*. *See In re Exquisito Services, Inc.,* 823 F.2d 151, 152 (5th Cir.1987).

## DISCUSSION

The Limitation of Shipowners' Liability Act provides that a shipowner's liability for any damage arising from a disaster at sea occasioned without the privity or knowledge of the shipowner shall be limited to the value of the vessel and its freight. *See* 46 U.S.C.App. § 183. Where the ship's value is not enough to satisfy all the claims against it, the Act provides for equitable apportionment among the claimants. *See* 46 U.S.C.App. § 184. When the shipowner files a petition for exoneration from or limitation of liability and tenders an adequate bond, "all claims and proceedings against the owner with respect to the matter in question shall cease." 46 U.S.C.App. § 185.

These benefits of the Act, however, are, by their plain terms, conferred on ship *owners* only. "The purpose of the limitation act is to release the ship owner from

some liability for conduct of the master and other agents of the owner for which these parties were themselves liable." *In re Brent Towing Co., Inc.,* 414 F.Supp. 131, 132 (N.D.Fla.1975) (citing *Walker v. Transportation Co.,* 3 Wall 150, 153, 18 L.Ed. 172 (1865)). To further emphasize that the benefits apply to owners only, not to masters, officers, or seamen, section 187 of the Act provides:

Remedies Reserved

Nothing in sections 182, 183, 184, 185 and 186 of this title shall be construed to take away or affect the remedy to which any party may be entitled, against the master, officers, or seamen, for or on account of any embezzlement, injury, loss, or destruction of merchandise, or property, put on board any vessel, or on account of any negligence, fraud, or other. malversation of such master, officers, or seamen, respectively, nor to lessen or take away any responsibility to which any master or seaman of any vessel may by law be liable, notwithstanding such master or seaman may be an owner or part owner of the vessel.

This statute is not ambiguous. Accordingly, we must give full effect to the words of 46 U.S.C.App. § 187, and it is on the basis of the plain words of this statute that we AFFIRM the district court's refusal to stay a state court action against the master of the F/V NORTHUMBERLAND.

Zapata argues that we should balance the claimants's rights under § 187 to proceed against the master with the shipowner's right to have all issues of the limitation proceeding determined in one action in federal court. Zapata argues that a balancing of interests in this case weighs in favor of extending the restraining order to encompass all proceedings against the master.

Zapata's argument is supported by the Ninth Circuit's decision in *In re Complaint of Paradise Holdings, Inc.,* 795 F.2d 756 (9th Cir.), *cert. denied,* 479 U.S. 1008, 107 S.Ct. 649, 93 L.Ed.2d 705 (1986). *Paradise Holdings* addressed the same issue that we confront here and concluded that § 187 did not prevent a district court from staying a state court action against a ship's master, pending resolution of the limitation proceeding in federal court. The Ninth Circuit stated that "it is sometimes inconsistent with the purposes of the Act to permit some limitation-action claimants to proceed in state court against a ship's captain and

crew in advance of an equitable division of the limitation fund among all potential claimants." 795 F.2d at 763.

The Ninth Circuit did recognize that Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F provides that an *owner* is generally entitled to an injunction, applicable to both state and federal proceedings, enjoining the further prosecution of all claims against him and his property. The Court further noted that this injunction does not preclude actions to proceed against persons other than the owner. The Court was concerned, however, that a suit against the master would prejudice the owner's rights: since the master was a named insured under the owner's policy, a judgment against the master in the state proceeding could deplete the insurance fund available for the limitation proceeding. In addition, the Ninth Circuit was concerned about the possibility that the state litigation would have some preclusive effect on the issues in the limitation proceeding. *See also In re Skyrider,* 1990 WL 192479, 1990 U.S. Dist. LEXIS 16510, 24–25 (D.C. Hawaii 1990); *In re Spanier Marine Corp.,* 1983 A.M.C. 2441 (E.D.La. 1983) (State court action against ship's captain stayed pending limitation proceeding because of risk of insurance depletion and preclusive effect of state judgment on privity and knowledge issues).

Although the Court of Appeals for the Ninth Circuit may be right in finding that the purposes of the Act are inconsistent with the remedies reserved by § 187, it is not within the province of this Court to reconcile any such inconsistencies when the language of the Act is plain, as in this case. The Act provides for stays of litigation against ship *owners,* not masters; therefore, we find that a stay of litigation against the master is not within the scope of the Act. Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F also states that it permits enjoining proceedings against the *owner,* and makes no reference to enjoining proceedings against any other parties. Furthermore, section 187 plainly states that the provisions of the Act pertaining to stays of proceedings against the owner (§§ 182, 183, 184, 185 and 186) are not to be construed to affect the remedy to which any party may be entitled against the master. The various provisions of the Act are not ambiguous, nor are they in conflict with one another: the Act requires stays of proceedings against ship owners; it does not permit stays of proceedings against masters. While these provisions may not be conducive to carrying out the purposes of the Act, this Court cannot interpret § 187 to allow results that we believe Congress would wish; we must interpret the language that Congress actually wrote.

Zapata also relies upon the case of *Guillot v. Cenac Towing Co.,* 366 F.2d 898 (5th Cir.1966). In *Guillot,* this Court was faced with the question whether a direct action suit against the insurer[1] of the executive officers of the corporate shipowner should be stayed pending the limitation proceeding. We first stated that the term "officers", as used in § 187, referred to "officers who are a part of the crew of the offending vessel, not executive officers of the corporate shipowner." 366 F.2d at 906. This Court stated, however, that even if the corporate officers could be held personally liable, "it does not follow that adjudication of this potential liability must necessarily be permitted wholly outside of the shipowner's limitation proceeding or in advance of its disposition." 366 F.2d at 906. This Court noted that, in situations where the corporate officers are listed as additional assureds on the owner's policy, the insurance might be exhausted by a direct action judgment outside of the limitation proceeding, leaving the shipowner without insurance. This Court was even more concerned that a separate suit might trespass upon the admiralty court's exclusive jurisdiction to determine whether the actions of the officers would be such that the shipowner could be charged with privity and knowledge of those actions. The *Guillot* court solved the problem with a compromise: as a condition to the continuation of the restraining order, the parties were to stipu-

---

**1.** Louisiana law allows actions directly against insurance companies.

late that (a) upon completion of the limitation proceedings, the damage claimants would have the right to assert in any appropriate court, state or federal, their claim against the corporate officers, and (b) if the court ultimately determined that the damage claimants had the right to proceed against the corporate officers, none of the findings or conclusions of the admiralty court concerning the actions of the corporate officers would foreclose reexamination by the other court. 366 F.2d at 908.

We find that *Guillot* is inapposite to the case before us. The compromise reached by the *Guillot* court was based largely on the Court's determination that the executive officers were not "officers", as the term is used in § 187. Zapata's case, on the other hand, involves a suit against the master, a title explicitly mentioned in § 187. Furthermore, the *Guillot* court faced the possibility that the parties would litigate the issue of the officer's privity and knowledge, a matter in the exclusive jurisdiction of the federal court, in state proceedings. In the case at hand, since the state suit is only against the master, the state court need not address the privity issue.

In sum, even if insurance protection were a general purpose of the Act, rules of statutory construction do not allow us to reach beyond the plain language of § 187 to divine congressional intent.[2] Where a statute is unambiguous and there is no room for interpretation or construction of this provision, we cannot circumvent its clear words. Should Congress wish to change its meaning, it need only say so. *See Nicklos Drilling Co. v. Cowart,* 907 F.2d 1552, 1554 (5th Cir.1990). As Justice Holmes has said in a statement often quoted, "We do not inquire what the legislature meant; we only ask what the statute means." Holmes, *The Theory of Legal Interpretation,* 12 Harv.L.Rev. 417, 419 (1898). We

refuse to enact judicial legislation. Accordingly, the plain language of 46 U.S.C.App. § 187 requires us to hold that a state court suit against a master need not be stayed pending a decision in a shipowner's limitation proceeding in federal court.

The judgment of the district court is AFFIRMED.

2. The dissent in *Paradise Holdings, Inc.* did not believe that a stay of proceedings against a master is necessary to further the purpose of insurance protection. "If a judgment against the captain deprives the owner of some insurance protection, any ensuing dispute should be between the owner and the captain. The owner chose to share an insurance policy with the captain; the plaintiff should not have to pay for such a decision." *Paradise Holdings,* 795 F.2d at 764 (Ferguson, J., dissenting in part). Furthermore, there was nothing in the record regarding the extent of Zapata's liability insurance or whether Captain Gough was a named insured on Zapata's policy when it moved to amend the restraining order.