# In the
# United States Court of Appeals
### For the Seventh Circuit

No. 10-2340

OWNER-OPERATOR INDEPENDENT DRIVERS
ASSOCIATION, INC., *et al.*,

*Petitioners*,

*v.*

FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,

*Respondent.*

Petition for Review of an Order of the
Federal Motor Carrier Safety Administration.
No. FMCSA-2004-18940

SUBMITTED FEBRUARY 13, 2012—DECIDED APRIL 2, 2012

Before ROVNER and WOOD, *Circuit Judges*, and
GOTTSCHALL, *District Judge.**

WOOD, *Circuit Judge.* In our opinion on the merits
in this case, we vacated a final rule issued by the Federal

---

* The Honorable Joan B. Gottschall, of the United States
District Court for the Northern District of Illinois, sitting by
designation.

Motor Carrier Safety Administration (FMCSA) about the use of electronic monitoring devices in commercial trucks. *Owner-Operator Independent Drivers Ass'n v. Federal Motor Carrier Safety Admin.*, 656 F.3d 580 (7th Cir. 2011). Three of the petitioners, William J. Culligan, Adam D. Burnett, and Douglas Oldham, each of whom is a commercial truck driver, now seek attorneys' fees and costs under the Equal Access to Justice Act (EAJA). FMCSA opposes the award. It argues that these individual drivers are not entitled to fees because the fourth petitioner, Owner-Operator Independent Drivers Association (OOIDA), which is not included in the fee petition, is the only party responsible for paying the attorneys' fees incurred in the prosecution of the petition for review. After examining the relevant arrangements, we agree with FMCSA that the individual petitioners are not entitled to the requested fees.

The EAJA provides that a court must award fees and costs incurred by the prevailing party unless the position of the United States was substantially justified or that special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A). There is no question that the petitioners prevailed when we vacated the rule that they challenged in their petition for review. The EAJA defines a party as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed" or, as relevant here, an "organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). The individual petitioners represent that they all meet the net worth requirements, and we have no reason to question that

statement. We infer, however, that OOIDA does not meet the qualifications of a "party" for purposes of a fee award under the EAJA, because it has not joined in the fee petition.

We recently noted the problem of the "stand-in litigant"—that is, someone who litigates in the place of a party that is ineligible for an award of fees under the EAJA either because of size or wealth, where the ineligible party pays the attorneys' fees for the stand-in. *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 383 (7th Cir. 2010), citing *SEC v. Comserv Corp.*, 908 F.2d 1407, 1416 (8th Cir. 1990). In order to address that concern, we must examine the details of the relationship between the petitioners and their counsel. Each of the individual petitioners in our case entered into a separate fee arrangement with the same law firm. In those agreements, the firm committed not to charge fees and costs to the individual driver. OOIDA had a separate agreement with the same law firm; its agreement binds it to pay all of the fees and costs associated with this case. FMCSA argues that the net effect of these arrangements prevents the individual petitioners from meeting their burden to establish that they are solely responsible for the fees. The court, it says, must look beyond the names on the fee petition and ascertain who is the real party in interest with respect to fees. See *Unification Church v. INS*, 762 F.2d 1077, 1081 (D.C. Cir. 1985). The petitioners acknowledge that they bear the burden of proving eligibility for fees under the EAJA, *Sosebee v. Astrue*, 494 F.3d 583, 587 (7th Cir. 2007), but they reply that the EAJA requires only that they estab-

lish that they are "prevailing parties" as defined in the Act. See *Nail v. Martinez*, 391 F.3d 678, 682-83 (5th Cir. 2004) (rejecting the "real party in interest" test based on its conclusion that Congress specifically defined "party" and there is no justification for further defining an eligible party).

FMCSA points out that the D.C. Circuit's decision in *Unification Church* did not take such a simplistic approach. The plaintiffs there are similar to the petitioners before us—an organization and three individuals. The parties in *Unification Church* had agreed that the organization would pay the fees. This fact led the court to conclude that the individual plaintiffs had nothing at stake in the award of fees, for the straightforward reason that the ineligible organization was solely responsible for paying them. *Unification Church*, 762 F.2d at 1082-83. The petitioners respond that the D.C. Circuit later remarked that the essential consideration in *Unification Church* was the existence of a fee arrangement among the plaintiffs. *AARP v. EEOC*, 873 F.2d 402 (D.C. Cir. 1989). The *AARP* court looked to whether there was some relationship or agreement among some or all of the plaintiffs, either explicit or implicit, permitting a plaintiff who would not qualify for an award to receive free legal services if its side were to prevail. *Id.* at 405. In the present case, petitioners conclude, the three truck drivers each had a separate and independent attorney/client relationship with counsel and each signed a separate retention agreement. Because there was no umbrella fee arrangement "among" all of the petitioners, there is nothing to prevent each petitioner from receiving fees.

In our view, this line of argument shaves things too finely. The absence of an agreement among the parties may be one piece of evidence, but it does not end the inquiry by itself. *AARP* held that a variety of factors are pertinent. It explained that a court "should consider whether there is one counsel representing several plaintiffs of disparate size or wealth, especially where the size or wealth of one or more of those plaintiffs would likely disqualify it from recovering fees under the EAJA," how long and when counsel has been and became counsel of record for each plaintiff, the appearances and representations made by the various attorneys on behalf of their respective clients, and whether some plaintiffs retained *pro bono* counsel. Each of these considerations would throw light on the ultimate question whether "a plaintiff pursued counsel independent of the stimulus of a large or wealthy plaintiff." *AARP*, 873 F.2d at 405-06.

Applying that approach to our case, we see first that the individual petitioners are obviously of disparate size and wealth as compared to OOIDA. The absence of the organization from the fee petition is explainable only by the natural assumption that it is not eligible for fees under the statute. OOIDA and the individual petitioners were represented by the same law firm throughout this litigation. Counsel of record, attorney Paul Cullen, lists on the petitioners' fee petition that he has served as General Counsel to OOIDA and has represented the association and its members for over 20 years. There is no indication that attorney Cullen had an attorney/client relationship with the individual

petitioners before the current litigation. FMCSA also points out that the attorney time records submitted with the petition catalogue numerous instances in which counsel conferred with OOIDA, but there are no entries reporting communications with the three individuals. These factors all support the conclusion that the relationship between the petitioners is such that the individual petitioners are not eligible for a fee award. Even if the petitioners did not have an explicit fee arrangement among themselves, their fee arrangements with the same law firm—a firm that had represented OOIDA for over 20 years—resulted in an implicit arrangement whereby the ineligible organization paid the full amount of the fees and costs and the individual drivers were not responsible for any payment.

Our conclusion here should not be understood as a holding that the answer to the question whether a party is directly liable for the payment of attorneys' fees is always dispositive with respect to eligibility for an EAJA award. For example, we recently explained that an award of attorneys' fees under the EAJA can include fees incurred by the party's liability insurer, because the party had contracted with the insurance company to pay premiums in exchange for the insurance company's bearing the defense costs. *Thouvenot*, 596 F.3d at 383. *Accord Ed A. Wilson, Inc. v. General Services Admin.*, 126 F.3d 1406 (Fed. Cir. 1997). Similarly, courts have awarded fees where the prevailing party is represented by a legal services organization or counsel appearing *pro bono*. *AARP*, 873 F.2d at 406; *Watford v. Heckler*, 765

F.2d 1562, 1567 n.6 (11th Cir. 1985); *Cornella v. Schweiker*, 728 F.2d 978, 987 (8th Cir. 1984). In contrast, courts have denied fees under the EAJA in situations where an employer paid the attorneys' fees on behalf of its employees. The Fourth Circuit held that five former employees were not eligible for an award of EAJA fees when the company was legally obligated to indemnify them for their attorneys' fees. *United States v. Paisley*, 957 F.2d 1161 (4th Cir. 1992). To similar effect, the Eighth Circuit held that a corporate officer was not eligible for an EAJA award when the company's insurance policy reimbursed the company for its indemnification of its officers and directors. *Comserv*, 908 F.2d at 1414-15.

To determine when a fee award is appropriate, the court must bear in mind the purpose of the EAJA. In reconciling one decision awarding fees with a decision denying eligibility for fees where none of the prevailing parties had paid out-of-pocket expenses, the Eighth Circuit concluded that "[t]he lesson we draw from these two cases is that EAJA awards should be available where the burden of attorneys' fees would have deterred the litigation challenging the government's actions, but not where no such deterrence exists." *Comserv*, 908 F.2d at 1415-16. We agree with that practical approach. The critical concern underlying the common precondition that the fee claimant must have incurred the expense is the need to assure that the employee would not have been deterred from pursuing the suit had the EAJA not existed. *Paisley*, 957 F.2d at 1164. As we put it before, "[t]he purpose of the EAJA is to eliminate the financial disincentive for people to chal-

lenge unreasonable governmental actions." *Krecioch v. United States*, 316 F.3d 684, 686 (7th Cir. 2003), citing *Sullivan v. Hudson*, 490 U.S. 877, 883-84 (1989). The intent of the EAJA is to assist individuals or small entities, not to subsidize large entities that are better able to afford legal services. *Unification Church*, 762 F.2d at 1081. To hold otherwise would raise "[t]he possibility of one client using another to obtain fees otherwise unavailable under the Act." *Id.* at 1083.

In this case, we conclude that the purpose of the EAJA would not be served by awarding fees to the individual petitioners. Financial considerations would not have deterred the individual drivers from pursuing this action, because they are not liable for payment of the attorneys' fees even if no fees are awarded by this court. Accordingly, we DENY the petitioners' motion for attorneys' fees.