ROWAN COMPANIES, INC.,
Plaintiff–Appellant,

v.

Huey P. GRIFFIN, Defendant–Appellee.

No. 88–3291.

United States Court of Appeals,
Fifth Circuit.

June 22, 1989.
Rehearing Denied July 31, 1989.

Elton F. Duncan, and Lawrence E. Abbott, New Orleans, La., for plaintiff-appellant.

David J. Shea, and Michael X. St. Martin, Houma, La., for defendant-appellee.

Before POLITZ and JOLLY, Circuit Judges, and HUNTER,* District Judge.

POLITZ, Circuit Judge:

Rowan Companies, Inc. appeals the dismissal of its suit for a declaratory judgment. Concluding that Rowan's suit against one of its employees, Huey P. Griffin, presents an actual controversy that is justiciable under the Declaratory Judgment Act, 28 U.S.C. § 2201, we reverse and remand.

### Background

For purposes of this appeal the following facts are taken as true. On June 10, 1987 Griffin sustained a back injury while working on a drilling rig owned and operated by Rowan. Rowan preserved its liability position relative to the accident, but nonetheless provided Griffin with maintenance, cure, and advance payments until January of 1988. At that time Rowan received a medical report from Griffin's physician indicating that Griffin had made full recovery. Rowan invoked the Declaratory Judgment Act and sought a judicial declaration of its obligation with reference to further maintenance and cure, in light of the medical report indicating maximum recovery.[1] The district court granted Griffin's motion to dismiss the declaratory judgment suit, assigning no reasons. Rowan's motion for reconsideration was summarily rejected. Again, no reasons were assigned for the court's refusal to resolve the declaratory judgment action. This appeal followed.

### Analysis

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in pertinent part:

In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

In addressing the Act's restriction to cases of actual controversy the Supreme Court has stated:

The Constitution limits the exercise of the judicial power to "cases" and "controversies." ... The Declaratory Judgment Act of 1934, in its limitation to "cases of actual controversy," manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense. The word "actual" is one of emphasis rather than of definition ...

A "controversy" in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising

---

* District Judge for the Western District of Louisiana, sitting by designation.

1. Rowan's complaint alleged diversity, 28 U.S.C. § 1332, and maritime, 28 U.S.C. § 1333, jurisdiction.

what the law would be upon a hypothetical state of facts. Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages.

*Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937) (citations omitted); *see also* 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2757 (1983).

■ While recognizing the difficulty of fashioning a precise test for identifying a justiciable controversy, the Court has clearly instructed that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). Moreover, "[i]t is immaterial that frequently, in the declaratory judgment suit, the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case." *Id.* Guided by these teachings, this court has applied the following rule when determining whether a request for declaratory judgment relief presents an actual controversy:

A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.

*Brown & Root, Inc. v. Big Rock Corp.,* 383 F.2d 662, 665 (5th Cir.1967).

■ Mindful of these principles, we address the instant appeal. The dispute presented by Rowan's complaint is whether Rowan's legal obligation to provide Griffin with maintenance and cure has been extinguished because Griffin has reached maximum cure. This is not a hypothetical, conjectural, or conditional question, or one based upon the possibility of a factual situation that may never develop. Rather, the controversy is real, definite, and concrete, and therefore justiciable, for all of the acts necessary for resolution of the merits of the claim—Griffin's injury and the course of his subsequent medical recovery—occurred prior to the filing of Rowan's complaint.

Griffin contends that there is no justiciable controversy because he had not made a formal or informal demand for continued maintenance and cure payments prior to Rowan's request for a declaratory judgment. We disagree. Such a demand is not a requisite for use of this judicial problem-solver. The purpose of the Declaratory Judgment Act is " 'to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued.' " *Government Employees Ins. Co. v. LeBleu,* 272 F.Supp. 421, 427 (E.D.La.1967) (quoting 3 Barron & Holtzoff, Federal Practice and Procedure (Wright Edition) § 1262). The declaratory judgment vehicle also is intended to provide a means of settling an actual controversy before it ripens into a violation of the civil or criminal law, or a breach of a contractual duty. *Scott–Burr Stores Corp. v. Wilcox,* 194 F.2d 989, 990 (5th Cir.1952).

Our conclusion that Rowan's complaint presents a justiciable controversy does not mean that the district court is obliged to entertain the action. It is well established that a district court "is not required to provide declaratory judgment relief, and it is a matter for the district court's sound discretion whether to decide a declaratory judgment action." *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 601 (5th Cir.1983) (citing *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)); *see also Dresser Indus., Inc. v. Insurance Co. of N. Am.,* 358 F.Supp. 327, 330 (N.D.Tex.) (Declaratory Judgment Act "gives the court a choice, not a command"), *aff'd,* 475 F.2d 1402 (5th Cir.1973). And, although a district court may not dismiss a request for declaratory judgment relief "on the basis of whim or

personal disinclination," *Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir.1981), the court may consider a variety of factors in determining whether to decide a declaratory judgment suit. For example, declaratory judgment relief may be denied because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, *Brillhart*, 316 U.S. at 494–95, 62 S.Ct. at 1175–76; *Hollis*, 657 F.2d at 750; *Employers' Liab. Assurance Corp. v. Mitchell*, 211 F.2d 441, 443 (5th Cir.), *cert. denied*, 347 U.S. 1014, 74 S.Ct. 869, 98 L.Ed. 1137 (1954), because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, *Pacific Employers Ins. Co. v. M/V CAPT. W.D. CARGILL*, 751 F.2d 801, 804 (5th Cir.), *cert. denied*, 474 U.S. 909, 106 S.Ct. 279, 88 L.Ed.2d 244 (1985); *Puritan Fashions*, 706 F.2d at 602, because of possible inequities in permitting the plaintiff to gain precedence in time and forum, *id.*, or because of inconvenience to the parties or the witnesses, *id.*[2]

■ In *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 & n. 2 (5th Cir.1983), we addressed the standard to be applied when reviewing a district court's decision to dismiss a declaratory judgment complaint. Noting that dismissals under the Declaratory Judgment Act and dismissals under the doctrine of *forum non conveniens* typically are based on many of the same considerations, we perceived no reason for the standard of review to vary. *Forum non conveniens* dismissals are reviewed under an abuse of discretion standard. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). In *Puritan Fashions* we held that standard applicable to the review of dismissals of declaratory judgment actions.

In the instant case the district court did not assign reasons for its dismissal of Rowan's complaint. A reading of the sparse record leads us to surmise that the dismissal was based on the trial court's conclusion that Rowan's complaint failed to state a justiciable controversy, for the argument focused on this issue. If that be the case, the district court erred as a matter of law for the court does have jurisdiction. However, after addressing the relevant factors the court will be free to exercise its discretion to maintain or reject the suit.[3]

■ If our surmising is incorrect and the district court concluded that an actual con-

2. In *Puritan Fashions*, 706 F.2d at 601 n. 1, a panel of this court rejected application of *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), to declaratory judgment actions. In *Cone* and its companion case, *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court narrowly circumscribed the instances in which a district court may dismiss an action because of parallel state court litigation, absent traditional grounds for abstention. The Court listed several factors a district court must balance in determining the appropriateness of a dismissal in the interest of wise judicial administration, and stressed that the balance should be weighted heavily in favor of the exercise of jurisdiction. Neither *Colorado River* nor *Moses Cone*, however, involved a declaratory judgment suit. Recognizing this, the *Puritan Fashions* panel held that "the purely remedial and equitable nature of declaratory judgments vests the court with discretion, and sets declaratory judgments outside the scope of *Cone*." 706 F.2d at 601 n. 1.

Five years later, the panel in *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir.1988), inadvertently overlooked *Puritan Fashions* and its rejection of *Moses Cone*, as applied to declar-

atory judgment proceedings. In *Jimco* the panel held that in considering whether to dismiss a declaratory judgment action a district court should apply the *Colorado River–Moses Cone* factors. *Jimco* thus placed stricter limitations than *Puritan Fashions* on the district court's exercise of discretion. The tension between *Puritan Fashions* and *Jimco* was recognized in *Sandefer Oil & Gas, Inc. v. Duhon*, 871 F.2d 526 (5th Cir.1989).

In the case at bar we follow *Puritan Fashions*. We do so because we are bound to follow the decision of the first panel. *See Ryals v. Estelle*, 661 F.2d 904 (5th Cir.1981). In addition, we are persuaded that *Puritan Fashions* states the better rule, more consistent with the essence of the Declaratory Judgment Act.

3. Subsequent to the district court's dismissal of Rowan's complaint for declaratory judgment relief, Griffin filed a maintenance and cure suit against Rowan in Texas state court. This is an important factor that the district court should take into account. *See Brillhart; Hollis; Mitchell.* Further, in an appropriate setting it may be significant that a maintenance and cure claim joined with a Jones Act claim must be submitted to a jury when both arise out of one set of facts. *Fitzgerald v. United States Lines Company*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963).

troversy existed but exercised its discretion to reject the suit, we nevertheless must remand. Without an assignment of reasons for the district court's action, we cannot perform the appellate function. In determining whether a district court abused its discretion in dismissing on the basis of *forum non conveniens,* we observed that "it is difficult to formulate a list of examples which will always be abuses of discretion." *In re Air Crash Disaster Near New Orleans,* 821 F.2d 1147, 1166 (5th Cir.1987) (en banc), *vacated on other grounds, Pan American World Airways, Inc. v. Lopez,* —— U.S. ——, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989). However, we have said definitively, that in the context of a *forum non conveniens* dismissal "a district court abuses its discretion when it summarily denies or grants a motion to dismiss without either written or oral explanation" or "when it fails to address and balance the relevant principles and factors of the doctrine." *Id.* As in *Puritan Fashions,* we perceive no reason why these requirements should not also apply to a district court's dismissal under the Declaratory Judgment Act, and we now hold that they do.

The judgment of the district court is REVERSED and the matter is REMANDED for further proceedings in conformity herewith.