**TORCH, INC.**

v.

**Barry L. THERIOT.**

**Civ. A. No. 89–4680.**

United States District Court,
E.D. Louisiana.

Jan. 3, 1990.

Mark C. Dodart, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for plaintiff.

David J. Shea, St. Martin, Lirette & Shea, Houma, La., for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion of the defendant, Barry L. Theriot, to dismiss the complaint for declaratory judgment. Timely memoranda were filed by counsel for both the plaintiff and defendant and the Court heard oral argument on the motion on December 6, 1989. After listening to the arguments of counsel as well as thoroughly reviewing the memoranda, record, facts, and applicable statutes and caselaw, the Court hereby denies the motion to dismiss for the reasons set forth below.

On June 11, 1989, the defendant, Barry L. Theriot, allegedly an employee of the plaintiff, Torch, Inc., sustained neck injuries while allegedly employed by the plaintiff as a helper aboard the Barge BIG SHANE. Without admitting liability, employment relationship, seaman status, or medical causation, the plaintiff has to date paid maintenance in the amount of $15.00 a day and cure pursuant to its maritime law obligations.

According to the submitted memoranda, Mr. Theriot has seen at least three orthopedic specialists since his injury. Mr. Theriot saw Dr. B. Van Winkle on July 7, 1989 and was diagnosed as having a cervical strain with underlying degenerative disc disease at C5–6. Dr. Van Winkle released Mr. Theriot to return to work. He was then examined by Dr. William H. Kinnard, an orthopedic surgeon, who, following a battery of tests, found evidence of "disc abnormalities" at C4 and C5. It is the recommendation of Dr. Kinnard that Mr. Theriot undergo surgery. Recently, Mr. Theriot was also seen by orthopedic surgeon J. Monroe Laborde, an examination arranged by Torch. Dr. Laborde's opinion is that Mr. Theriot suffers from degenerative arthritis of the cervical spine. For this condition, Dr. Laborde recommends conservative treatment as opposed to surgery.

Apparently, Mr. Theriot has chosen to follow the advice of Dr. Kinnard and proceed with a surgical remedy. As a result, the plaintiff claims that Dr. Kinnard has contacted Torch's claims adjuster seeking a guarantee of payment for the surgery. These informal requests prompted Torch to file their complaint for declaratory relief.[1]

Mr. Theriot asserts that the complaint must be dismissed on the grounds that, at present, there is no justiciable case or controversy on the issue of maintenance and cure.[2] Mr. Theriot states in his brief that neither he nor anyone on his behalf has made a claim, either formal or informal, against Torch for payment of maintenance and cure benefits. Without such a demand, Mr. Theriot argues, the controversy requisite for a judicial declaration does not exist.

Torch's initial response to this position is simply to point to Dr. Kinnard's attempts to obtain a guarantee of payment from Torch for Mr. Theriot's proposed surgery as evidence of a demand for cure benefits.

---

1. In its complaint, Torch specifically prays to this Court for three items of relief: (1) that the Court appoint an independent medical expert pursuant to Fed.R.Evid. 706(a) in order to examine Mr. Theriot; (2) that, subsequent to the requested examination, the Court declare that the surgery proposed by Dr. Kinnard is not appropriate treatment and that Mr. Theriot is not a candidate for surgery at this time; and (3) that the Court enter a judgment declaring that Torch has not acted arbitrarily, capriciously or unreasonably in refusing to authorize, approve, and pay for the aforementioned surgery. The merits of these separate prayers are not before the Court at this time and therefore the Court properly declines either ruling on their merits or even their individual propriety as items of judicial declaratory relief. Further, although

the Court is aware that Magistrate Wynne has granted the motions of the plaintiff to appoint a medical expert under Rule 706(a) and to enjoin Mr. Theriot from any surgery prior to such expert's examination, these rulings have no bearing on the Court's analysis and ruling on the motion to dismiss.

2. The statute creating the declaratory judgment remedy, 28 U.S.C. § 2201(a), provides that, "In a case of *actual controversy* within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not relief is or could be sought ..." (emphasis added.)

Further, Torch contends that an employee's demand for payment of maintenance and cure benefits is not a prerequisite to the use of the Declaratory Judgment Act. This contention is bolstered by the language of the Fifth Circuit in *Rowan Companies, Inc. v. Griffin,* 876 F.2d 26 (5th Cir.1989). In *Rowan,* the defendant had been injured while working on a drilling rig owned and operated by the plaintiff. Without admitting liability and without a demand from the defendant, the rig owner paid maintenance and cure to the defendant until such time as it received notice from the defendant's physician stating that the defendant had made a full recovery. Upon such notice the plaintiff rig owner brought suit for a judicial declaration as to its obligations, if any, for further maintenance and cure. The district court dismissed the suit without assigning reasons. In seeking the Fifth Circuit's affirmation of this ruling, the defendant-appellee argued that the suit was properly dismissed since, without a demand for continued maintenance and cure payments, there was no justiciable controversy. The Fifth Circuit disagreed, stating:

> Such a demand is not a requisite for use of this judicial problem-solver [the declaratory judgment]. The purpose of the Declaratory Judgment Act is 'to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued.' (citing *Government Employees Ins. Co. v. LeBleu,* 272 F.Supp. 421, 427 (E.D.La.1967) (quoting 3 Barron & Holtzoff, Federal Practice and Procedure (Wright Edition) § 1262)).

*Rowan,* 876 F.2d at 28.[3] While the *Rowan* plaintiff sought a judicial declaration completely absolving it from future payments for maintenance and cure, unlike Torch, whose complaint regards only payment for Mr. Theriot's surgery, this distinction does not warrant a different result. The situation between Torch and Barry Theriot is sufficiently analogous to that in *Rowan.*

The test of a justiciable controversy enunciated in *Rowan* is whether the question or controversy presented in the complaint is "real, definite, and concrete" or, conversely, whether it is "hypothetical, conjectural, or conditional." *Id.* On the facts before the Court, Mr. Theriot clearly intends to follow the advice of Dr. Kinnard and have surgery, and Dr. Kinnard has contacted Torch to obtain a guarantee of payment for that surgery. The Declaratory Judgment Act was designed for precisely this stage in the proceedings. The *Rowan* court makes it clear that the employer need not wait for either maintenance and cure costs to be incurred or for payment to be demanded prior to invoking the declaratory judgment remedy. In keeping with this rationale, we hold that the facts in the matter before the Court currently present the Court with a controversy ripe for judicial declaration.

■ This being the case, we now turn to the issue of whether this Court should exercise its discretion and decline decision on this suit for declaratory judgment. It is well settled that it is within the discretion of the district court whether or not to decide an action seeking relief under § 2201. *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 601 (5th Cir.1983) (see also footnote 2, *infra*). In *Rowan,* the Fifth Circuit catalogued a number of factors appropriately affecting this decision. *Rowan,* 876 F.2d at 28. Mr. Theriot argues that two of these factors apply to the case at hand: (1) that there is a pending state court proceeding in which the matters in controversy may be fully litigated; and (2) that the declaratory judgment suit was filed in anticipation of another suit and is being used for the purpose of forum shopping.

Mr. Theriot has directed the Court to footnote 3 of the *Rowan* opinion in support of the proposition that a pending state court action should weigh heavily in the Court's decision as to whether or not to

---

**3.** It should be noted that the passage quoted, although instructive, was dicta. The Fifth Cir-

cuit remanded the case for an assignment of reasons by the district court.

keep the suit for declaratory relief.[4] In part, the footnote reads:

> Subsequent to the district court's dismissal of Rowan's complaint for declaratory judgment relief, Griffin [the defendant-employee] filed a maintenance and cure suit against Rowan in Texas state court. This is an important factor that the district court should take into account.

*Id.* at 29, n. 3. "Important," however, does not mean "dispositive," and when this Court applies the full panoply of factors outlined in *Rowan,* we conclude that a dismissal of Torch's complaint is neither necessary nor prudent. We do not feel that Torch has rushed to the courthouse in order to prejudice Mr. Theriot through a premature adjudication of certain issues. Nor do we find, as Mr. Theriot has accused, that Torch is using the declaratory judgment action to forum shop. Quite the contrary, we feel that both the timing and the forum of this declaratory judgment action are appropriate. As stated previously, this complaint has been brought at the stage of the proceedings for which the Declaratory Judgment Act was designed. Furthermore, under principles of *forum non conveniens,* this Court appears to be the *most* convenient. Although Mr. Theriot charges Torch with forum shopping, he neither contests any items in Torch's laundry list of connections between the action and this forum[5] nor submits anything to the Court evidencing a relationship between the action and the alternative Texas forum.[6]

4. Counsel for Mr. Theriot admitted at oral argument that, contrary to the language of their memorandum, suit had not, at that time, been filed in the Texas state courts. He assured the Court, however, that such suit would soon be filed and the Court addresses this issue assuming, *arguendo,* that Mr. Theriot either has filed or soon will file such an action.

5. In Torch's memorandum in opposition to the motion to dismiss, it states:
> Torch is a resident of Belle Chasse; defendant is a resident of Houma/Theriot; Drs. Kinnard and Van Winkle are Houma practitioners; Dr. Laborde is a New Orleans practitioner; personal jurisdiction [in this Court] exists over all the parties; all of Torch's documentary and tangible evidence is located within the jurisdiction of this Honorable Court and both

■ Finally, Mr. Theriot argues that by refusing to dismiss the declaratory judgment, this Court will, in effect, deny him his rights to a choice of forum and his right to a jury trial on the maintenance and cure issue. The right to a choice of forum, he argues, is vested in the Saving to Suitor clause, 28 U.S.C. § 1333.[7] It is true that the Saving to Suitor clause allows the plaintiff in an *in personam* admiralty suit the option of bringing his case in either the federal or state courts. The Court, however, has found no authority for extending this doctrine to preclude actions, either declaratory or otherwise, from being brought in the federal courts. While Mr. Theriot may under § 1333(a) seek remedy in either the state or federal systems, the statute neither mandates that Torch wait for Mr. Theriot to make this decision nor does it limit Torch to State courts when proceeding on its declaratory judgment action. Furthermore, the declaratory judgment action before this Court is limited to the issue of Torch's duty to pay for Mr. Theriot's proposed surgery. Mr. Theriot may still exercise the right granted him by the Saving to Suitor clause and file his action in a state court.

■ In turning to Mr. Theriot's claim that the declaratory judgment will deny him the right to trial by jury, he again directs the Court to footnote 3 of the *Rowan* opinion which states in part:

> ... Further, in an appropriate setting it may be significant that a maintenance and cure claim joined with a Jones Act

> parties therefore would have greater access to sources of proof; the employment relationship between the parties, if existing, arose in Louisiana; and any eyewitnesses to the alleged accident ... are also residents of Louisiana.

6. Counsel for Mr. Theriot did assert at oral argument that it was his information that Torch did approximately half of its business in Texas.

7. 28 U.S.C. § 1333, reads in part:
> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

claim must be submitted to a jury when both arise out of one set of facts. (citing *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963)). *Rowan*, 876 F.2d at 29, n. 3. The evaluation of this argument begins with a review of the original context of the concept. In *Fitzgerald v. United States Lines*, Justice Black was dealing with the practice of some district courts who, when presented with separate claims for Jones Act remedies, unseaworthiness, and maintenance and cure, all arising out the same accident or set of facts, would allow the Jones Act and unseaworthiness claims to be tried to a jury and would then try the maintenance and cure claim separately to the bench. Justice Black described this method of dividing lawsuits for trial as "so cumbersome, confusing, and time consuming that it places completely unnecessary obstacles in the paths of litigants seeking justice in our courts ..." *Id.* 374 U.S. at 21, 83 S.Ct. at 1650. Invoking their power to fashion rules of admiralty law, the Supreme Court held that "a maintenance and cure claim joined with a Jones Act claim must be submitted to a jury when both arise out of one set of facts." *Id.*

We feel that the situation addressed by the *Fitzgerald* opinion differs materially from that in the case before the Court. Here, we are not faced with the combination of Jones Act and maintenance and cure claims. Here, to reiterate, the action brought before the Court concerns only one item of maintenance and cure—the propriety of Mr. Theriot undergoing surgery. However, by reference to *Fitzgerald* in their *Rowan* opinion, the Fifth Circuit has directed the district courts of this circuit to consider Justice Black's reasoning when confronted with a declaratory judgment action involving maintenance and cure.

The Court is not persuaded that the concerns expressed in *Fitzgerald* mandate the dismissal of this action. Though this Court will retain the declaratory judgment action before it, the defendant may still join the remainder of his claim for maintenance and cure with his Jones Act claim and have them both tried to a jury.

Having considered the arguments raised by Mr. Theriot and the factors listed by the Fifth Circuit in *Rowan*, the Court exercises its discretion in denying the defendant's motion to dismiss. We hold that Torch's action contains a justiciable controversy ripe for judicial declaration. We have not found that the action was brought in anticipation of another suit or for the purposes of forum shopping. Finally, the Court feels that neither the pendency of a suit in the state courts of Texas nor the consequential isolation of this issue from a Texas jury compels or warrants the dismissal of Torch, Inc.'s declaratory judgment action. Accordingly, IT IS ORDERED that the motion of defendant Barry L. Theriot to dismiss is DENIED.