**SPHERE DRAKE INSURANCE COMPANY**

v.

**TIGER TENNIS CAMP.**

Civ. A. No. 93–344–A.

United States District Court, M.D. Louisiana.

Dec. 29, 1993.

## RULING

JOHN V. PARKER, Chief Judge.

Pursuant to the court's order dated November 15, 1993, the parties have filed briefs addressing whether the court should dismiss or decide this declaratory judgment action in view of related proceedings that are currently pending in state court. There is no need for oral argument. Jurisdiction is allegedly based upon diversity of citizenship.

On April 26, 1993, plaintiff, Sphere Drake Insurance Company, filed this action seeking a declaratory judgment pertaining to its obligations under a liability insurance policy issued to "Tiger Tennis Camp." More specifically, plaintiff claims that it has been called upon to defend and indemnify its insured in connection with a lawsuit filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, on or about March 16, 1993. Plaintiff essentially alleges that the lawsuit arises from an alleged sexual assault of a minor attending "Tiger Tennis Camp" at Louisiana State University and that it has denied coverage and a defense to its insured based upon an assault and battery exclusion in the policy.

From a copy of the state court petition attached to the complaint, it appears that Michael and Carol Ellis filed suit, individually and on her behalf of their minor daughter Shannon Ellis. Shannon's parents claim that she was sexually assaulted by a counselor, Gary Magee, while she was enrolled at the Tiger Tennis Camp at Louisiana State University in July of 1992. In addition to Magee, defendants in the state court action include Louisiana State University and camp directors Geral "Jerry" Simmons and Tony Minnis, and various fictitiously named insurers of the defendants. There is no dispute that Sphere Drake Insurance, plaintiff in this federal action, was substituted in place of "XYZ Insurance Company" by amended state court petition filed in June, 1993.

In the interim between the filing of the original petition and the amended state court petition, Sphere Drake instituted this declaratory judgment action against "Tiger Tennis Camp," apparently not a legal entity. Plaintiff later amended its complaint to name Ger-

Edward P. Gothard, Frederick M. Stoller, McCloskey, Langenstein & Stoller, New Orleans, LA, for plaintiff and counter-defendant Sphere Drake Ins. Co.

John A. Bivens, Roy, Bivens, Judice, Henke & Breaud, Lafayette, LA, for defendant Tiger Tennis Camp and counter-claimant Geral M. Simmons d/b/a Tiger Tennis Camp.

al Simmons, d/b/a Tiger Tennis Camp, as the proper party defendant. Defendant has filed an answer and counterclaim alleging that plaintiff owes him a defense in the state court proceedings and that this action should be dismissed or stayed pending resolution of those proceedings. While plaintiff has filed a "motion for declaratory judgment"[1] on which the court has deferred ruling, relatively little activity has taken place in this matter.

In its "opposition to federal court abstention", plaintiff contends that abstention is the exception and not the rule, citing *Moses H. Cone*[2] and *Colorado River*[3]. However, the Fifth Circuit has made it clear that declaratory judgment actions are not controlled by those decisions of the Supreme Court. See, *Travelers Insurance Company v. Farm Bureau Federation, Inc.,* 996 F.2d 774, 778 n. 12 (5th Cir.1993) (noting that the factors set out in *Colorado River* and *Moses H. Cone* are clearly inapplicable in declaratory actions) and *Rowan Companies, Inc. v. Griffin,* 876 F.2d 26, 29 n. 2 (5th Cir.1989) (finding the better rule, more consistent with the Declaratory Judgment Act, is that declaratory judgment actions are outside the scope of *Moses H. Cone* and *Colorado River* ).

In determining whether to decide or dismiss a declaratory judgment action, a federal district court is given broad discretion. *Travelers,* supra. However, consideration must be given to the factors relevant to the abstention doctrine, which include: (i) whether there is a pending state court action in which all of the matters in controversy may be litigated; (ii) whether plaintiff filed suit in anticipation of a lawsuit filed by defendant; (iii) whether the plaintiff engaged in forum shopping in bringing the suit; (iv) whether there are possible inequities in allowing the declaratory plaintiff to change forums; (v) whether federal court is a convenient forum for the parties and witnesses; and (vi) whether retaining the lawsuit in federal court would be in the interests of judicial economy. *Id.,* at p. 778.

After carefully considering the arguments of counsel, the court finds that the relevant factors weigh heavily in favor of abstention. First, the only basis for federal jurisdiction is diversity of citizenship; thus all issues are state law issues particularly suited to resolution by the state courts. It is readily apparent that the state court proceedings encompass not only the coverage and defense issues which are raised here, but also the tort action itself. From the allegations of the complaint, it appears that plaintiff filed this action in anticipation of being made a party to the state court proceedings. Consequently, it further appears that plaintiff has engaged in forum shopping in bringing this action. While trying this case in federal court in Baton Rouge would be no less convenient or equitable than trying it in the Nineteenth Judicial District Court located here, it would clearly serve the interests of judicial economy to have all of the issues resolved in one forum. From the state court petition, it appears that there may be other insurance policies at issue involving similar (and perhaps additional insurance questions) best handled by one forum.

Accordingly, the court declines to exercise jurisdiction over the declaratory action filed by plaintiff and this matter shall be dismissed without prejudice.

---

1. We assume that plaintiff's motion is a motion for summary judgment under Rule 56, Fed. R.Civ.P.

2. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1985).

3. *Colorado River Water Conversation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).