In the Matter of THE COMPLAINT OF RIVER CITY TOWING SERVICES, INC., as Owner of the T/B K700, Petitioning for Exoneration from or Limitation of Liability

No. CIV.A. 01–1935.

United States District Court, E.D. Louisiana.

March 12, 2002.

Don Keller Haycraft, Guenton Cyril Slawson, Jr., Maury C. Hebert, Loskow & Lewis, New Orleans, LA, for River City Towing Services, Inc.

Richard J. Arsenault, John Randall Whaley, Neblett, Beard & Arsenault, alexandria, LA, Walter C. Dumas, Dumas & Associates Law Corp., Baton Rouge, LA, for Wille Mae Williams, Herman Jenkins, Sr., Sheila Irvin.

Denise A. Vinet, Vinet & Vinet, Baton Rouge, LA, Lewis O. Unglesby, Unglesby, Koch & Reynolds, Baton Rouge, LA, Donna Unkel Grodner, Grodner & Assoc., Baton Rouge, LA, Robert J. Snyder, Lutcher, LA, for Theresa Ellen Williams, Crystal Smith, Gertrude Taylor, Tyron Martin, Sr., Linda Barney, Michael Green, Eula Batiste, Rose Mary Broden.

Michael T. Pulaski, Keith W. McDaniel, Hilliard F. Kelly, Pulaski, Gieger & Laborde, Covington, LA, for Petroleum Service Corp.

Gary A. Bezet, Gregory M. Anding, Carol L. Galloway, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, Baton Rouge, LA, for Rhodia, Inc.

Emile Christian Rolfs, III, Frank S. Craig, III, W. Brett Mason, Ben B. Hu, Breazeale, Sachse & Wilson, Baton Rouge, LA, for Formosa Plastics Corp.

Judith Ruth Atkinson, Thomas E. Balhoff, Roedel, Parsons, Koch, Frost, Balhoff & McCollister, Baton Rouge, LA, for Harmony, LLC.

## *ORDER AND REASONS*

BARBIER, District Judge.

Before the Court are four motions to dismiss various cross-claims that have been filed in this limitation proceeding. Defendants in cross-claim, the "Theresa Williams Claimants", have filed three Rule 12(b)(6) motions to dismiss the cross-claims filed against them by Formosa Plastics Corporation, Louisiana ("Formosa"), Petroleum Service Corporation ("Petroleum"), and Harmony Corporation ("Harmony") (Rec.Docs.36, 37, 38). In addition, Defendants in cross-claim, "the Willie Mae Williams Plaintiffs," have also filed a motion to dismiss the cross-claims against them by Formosa, Petroleum, and Harmony (Rec.Doc. 48). Upon reviewing the memoranda filed, the pleadings, and the applicable law, the Court concludes that all four motions should be **GRANTED** and the claims for declaratory judgment **DISMISSED**.

### Background

This action arises out of an alleged spill of over 3000 gallons of ethylene dichloride ("EDC") into the Mississippi River on or about April 30, 2000, through May 1, 2000, in Baton Rouge, Louisiana. River City Towing Services, Inc. ("River City") owned the Tanker Barge K700 that was allegedly involved in the spill, and Formosa owned the chemical plant where the barge was unloaded and the spill supposedly oc-

curred. Employees of Formosa, Petroleum, and Harmony unloaded the EDC at the Formosa Plant.

Following the alleged spill, two class actions were filed in state court in the Parish of St. James, Louisiana. In one class action, the representative plaintiffs are Theresa Ellen Williams, Crystal Smith, Gertrude Taylor, Tyrone Martin, Sr., Lynda Barney, Michael Green, Eula Batiste, and Rosemary Broden (hereinafter "Theresa Williams Claimants"). The plaintiffs sued River City, Formosa, Petroleum, Rhodia Inc. ("Rhodia"), and Louisiana Dock Company. The plaintiffs claim in that action that the defendants' negligent handling and unloading of the EDC and the failure to act properly in the aftermath caused contamination of water in the vicinity and caused the plaintiffs damages, such as loss of water services, physical pain and suffering, mental anguish and fear of cancer, property damage, lost wages, and medical expenses.

In a second state court class action, the plaintiffs, represented by Willie Mae Williams, Herman Jenkins, Sr., and Sheila Irvin (the "Willie Mae Williams Plaintiffs") sued Formosa, Petroleum, and Harmony. They did not name River City in that action. These plaintiffs brought most of the same claims as in the first class action, and also included a claim for medical monitoring.

Thereafter, River City filed a Complaint in Limitation in this Court on June 25, 2001. The Court signed an order on June 26, 2001, directing the issuance of notice to claimants and restraining prosecution of claims against River City arising out of this incident. The Theresa Williams Claimants then filed claims and answers to River City's complaint in the instant limitation proceeding, and the Court recently granted them leave to add approximately 1790 additional individual claims by the other class action plaintiffs in that suit.

Subsequently, Formosa, Harmony, and Petroleum each filed a claim and answer in the limitation proceeding. Each then filed identical counterclaims against River City and third party demands against each other. Each of the three denies any fault and alleges that River City and the other two corporate claimants were at fault. They each claim that River City and the other two entities are jointly and severally liable to them for indemnity and contribution for all of the state class action plaintiffs' claims and for attorney fees, costs, and interest accrued in defending against these claims.

In addition, Formosa, Harmony, and Petroleum have all brought cross-claims against the Theresa Williams claimants and Willie Mae Williams plaintiffs (who have not filed anything in this limitation proceeding but are being joined as defendants in cross-claim), asserting that there is an actual controversy between each of them and each of the named defendants in cross-claim and asking the Court to declare the rights of the parties pursuant to the Declaratory Judgment Act.

Before the Court now are the Theresa Williams Claimants' and the Willie Mae Plaintiffs' motions to dismiss the cross-claims for declaratory judgment pursuant to Fed.R.Civ.P. 12(b)(6). In opposition to the motions, Formosa and Petroleum argue that they have met the pleading standards for asserting a claim under the Declaratory Judgment Act, as they have: (1) clearly stated that the jurisdictional basis for the cross-claims is maritime tort jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. § 1367; (2) made a short and plain statement of their claims showing that they are entitled to relief under the Declaratory Judgment Act, as required by Fed.R.Civ.P. 8; and (3) made a demand for judgment.

## Discussion

■ The Declaratory Judgment Act provides, in relevant part:

In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The purpose of the Declaratory Judgment Act is "to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued." *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir.1989) (quoting *Government Employees Ins. Co. v. LeBleu*, 272 F.Supp. 421, 427 (E.D.La.1967)). The Declaratory Judgment Act was also intended to provide a mechanism for resolving a justiciable controversy before it evolves into a violation of the civil or criminal law or a breach of a contractual duty. *See id.* (citing *Scott–Burr Stores Corp. v. Wilcox*, 194 F.2d 989, 990 (5th Cir.1952)).

■ However, the determination that a party's complaint under the Declaratory Judgment Act presents a justiciable controversy does not mean that a district court is required to maintain and resolve the action. *See Rowan*, 876 F.2d at 28. Rather, it is well-settled in the Fifth Circuit that a district court has discretion over whether to decide or dismiss a declaratory judgment action. *See, e.g., Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir.1992); *Torch, Inc. v. LeBlanc*, 947 F.2d 193 (5th Cir.1991). Yet, while a district court's discretion is broad, a court may not dismiss a claim for declaratory judgment " 'on the basis of whim or personal disinclination.' " *Rowan*, 876 F.2d at 28–29 (quoting *Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir.1981)).[1]

■ Before a court considers whether it should exercise its discretion to entertain an action for declaratory judgment, the court must first determine whether it even has the authority to grant the requested declaratory relief in the first instance. In this regard, Fifth Circuit law provides that "when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti–Injunction Act." *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 776 (5th Cir.1993) (citing *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir.1988)). Accordingly, as a general rule, a district court may not consider the merits of an action for declaratory judgment when: (1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff; (2) the state case involves the same issues as those involved in the federal case; and (3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act.[2] *Id.* (citing *Jackson*, 862 F.2d at 506).

---

1. Furthermore, "unless the district court addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record, it abuses its discretion." *Travelers Ins. Company v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 776 (5th Cir.1993) (citing *Rowan*, 876 F.2d at 30).

2. The Anti–Injunction Act provides:
    A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.
    28 U.S.C. § 2283.

■ This general rule is to prohibit parties from using a declaratory judgment action "to race to res judicata or to change forums," as such use of a declaratory judgment "is thoroughly inconsistent with the purposes of the Declaratory Judgment Act and should not be countenanced." *Travelers*, 996 F.2d at 777, n. 7 (citing *Dresser Indus., Inc. v. Insurance Co. of North America*, 358 F.Supp. 327 (N.D.Tex.1973), *aff'd*, 475 F.2d 1402 (5th Cir.1973); James W. Moore et al., *Moore's Federal Practice*, ¶ 57.08[5] (2d ed.1991); 10B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2758 (2d ed.1983)). The Fifth Circuit has found that "the issuance of a declaratory judgment in such situations would be antithetical to the noble principles of federalism and comity." *Id.* at 776 (citing *Jackson*, 862 F.2d at 505).

Therefore, in order to determine if the Court in the instant case has the authority to grant the requested declaratory relief, the Court must look to the factors enumerated above. First, there is no dispute that the declaratory defendants in this limitation proceeding—the Theresa Williams Claimants and the Willie Mae Williams Plaintiffs—did file their class actions in state court against the three declaratory plaintiffs—Formosa, Harmony, and Petroleum—prior to the declaratory judgment action being filed in this Court.

Second, the cases in state court against Formosa, Harmony, and Petroleum do involve the exact same issues as the claims for declaratory judgment with respect to the Theresa Williams Claimants and Willie Mae Williams Plaintiffs; i.e., the duties and liability of Formosa, Harmony, and Petroleum to the state class action plaintiffs with respect to the alleged spill of EDC into the Mississippi River.

■ Last, the Court concludes that it could not enjoin the state court proceedings against Formosa, Harmony, and Pe-troleum, under the Anti–Injunction Act. The Anti–Injunction Act forbids a federal court from granting an injunction to stay proceedings in a state court except: (1) as previously authorized by Act of Congress; (2) where necessary in aid of its jurisdiction; or (3) to protect or effectuate its judgment. 28 U.S.C. § 1651. In general, courts narrowly construe these exceptions. *See, e.g., Next Level Communications LP v. DSC Communications Corp.*, 179 F.3d 244, 249 (5th Cir.1999) (citing *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988)). Furthermore, any doubts as to the applicability of the Act are to be resolved in favor of allowing the state court action to proceed. *See Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 499 (5th Cir.1988) (en banc). Accordingly, the Court now considers the three exceptions to the Act.

### 1. *Expressly Authorized by Congress*

■ The Anti–Injunction Act permits injunctions against state court proceedings where Congress has expressly authorized such an injunction. While the Limitation of Liability Act, 46 App. U.S.C. § 192, *et seq.*, does authorize the Court to enjoin state court proceedings brought against vessel owners, it does not expressly authorize the Court to stay state proceedings against other alleged tort-feasors. *See Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 485–86 (5th Cir.1991) (finding that Limitation Act is unambiguous in that it only authorizes stays of proceedings against ship owners). Therefore, the first exception is inapplicable in the instant matter.

### 2. *Necessary in Aid of Jurisdiction*

The Supreme Court has explained that the "necessary in aid of jurisdiction" exception to the Anti–Injunction Act authorizes "federal injunctive relief [that] may

be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970). This exception has also been interpreted to permit a federal court to enjoin a later state action involving property in the custody of the federal court, but not a state action in personam involving the same subject matter as the federal action. *See In re Diamond B Marine Serv., Inc.*, No. CIV.A. 99–951, 99–984, 99–1346, 2000 WL 726885, at *4 (E.D.La. June 5, 2000) (Clement, J.) (citing Charles Alan Wright, *Law of Federal Courts* § 47, at 283 (4th ed.1983)). As the court in *Diamond B Marine* noted, no cases have been located "in which a court has expanded this exception to include all admiralty actions or all actions related to a limitation proceeding." *Id.*

■ In the present case, the Court does not find that enjoining the state court proceedings against Formosa, Harmony, and Petroleum is necessary for it to efficiently dispose of the pending limitation case. The Court's primary concern and ultimate function in this action "is to protect the shipowner's absolute right to claim the [Limitation] Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Magnolia Marine Transport Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1582 (5th Cir.1992).

On the one hand, the Court is inclined to agree with the declaratory plaintiffs that ideally all the claims arising out of the alleged spill should be litigated in one forum and that, with parallel actions proceeding simultaneously, there is a possibility of inconsistent findings of liability. Yet, "[o]n the other hand, the mere existence of a parallel lawsuit in state court that seeks to adjudicate the same in personam cause of action does not in itself provide sufficient grounds for an injunction against a state action in favor of a pending federal action." *In re Baldwin–United Corp.*, 770 F.2d 328, 336 (2nd Cir.1985) (citing *Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 642, 97 S.Ct. 2881, 2893, 53 L.Ed.2d 1009 (1977) ("We have never viewed parallel in personam actions as interfering with the jurisdiction of either court.")).

Therefore, while the ideal situation would be for all these actions to be tried together, the Court does not conclude that the state court actions pending against Formosa, Harmony, and Petroleum will so interfere with or impair this Court's ability to exercise jurisdiction over the limitation proceeding as to justify the extraordinary measure of enjoining those state court proceedings. As explained above, the Court's main concern in the limitation action is to protect the ship owner's right to limit its liability. Because no claims against the petitioner in liability, River City, can be prosecuted in state court, and, because, even if River City is allocated fault by a jury in state court, it would not be bound by that finding, whatever happens in those state court proceedings ultimately will not affect River City's ability to limit its liability in the case before this Court. The Court recognizes that there may be some overlap between the actions and the possibility of inconsistent findings does exist, but, as the court in *Diamond B Marine* noted, "given the world's imperfections and our dual system of courts, the possibility of such happenings are bound to occur." 2000 WL 726885, at *8.

### 3. Relitigation

The third exception to the Anti–Injunction Act permits a federal court to stay a state court proceedings in order to protect its judgment or to prohibit relitigation of

an issue previously decided by the federal court. *See Next Level Communications LP v. DSC Communications Corp.*, 179 F.3d 244, 249 (5th Cir.1999). This exception obviously does not apply to the instant matter as the Court has not yet reached the merits of any of the parties' claims.

Because the Court finds that (1) none of the exceptions to the Anti–Injunction Act are present here, (2) the Theresa Williams Claimants and the Willie Mae Williams Plaintiffs filed causes of action in state court against the declaratory plaintiffs first, and (3) the state cases involve the same issues as those raised in the claims for declaratory judgment, the Court concludes that it does not have the authority to grant the declaratory relief requested with respect to the Theresa Williams Claimants or the Willie Mae Williams Plaintiffs.[3] *See Travelers*, 996 F.2d at 776.

### Conclusion

For the reasons stated above, the Court finds that it does not have authority to grant a declaratory judgment with respect to the state court plaintiffs in this limitation action.

Accordingly;

**IT IS ORDERED** that the Theresa Williams Claimants' 12(b)(6) motions to dismiss the cross-claims for declaratory judgment against them by Formosa, Harmony, and Petroleum (Rec. Docs. 36, 37, and 38) are hereby **GRANTED** and those claims are **DISMISSED.** Likewise, the Willie Mae Williams Plaintiffs' 12(b)(6) motion to dismiss the cross-claims against them filed by Formosa, Harmony, and Pe-

troleum (Rec.Doc. 48) is also **GRANTED** and those claims are **DISMISSED.**

---

3. Additionally, if the Court was to sustain Formosa's, Harmony's, and Petroleum's cross-claims against the Willie Mae Williams Plaintiffs and "all other similarly situated persons," the Court would be allowing the plaintiffs in cross-claim to implead the entire class of state court plaintiffs, thereby ultimately undermining the Court's previous ruling that a class action is not allowed in a limitation of liability proceeding under controlling Fifth Circuit law. *See* Rec. Doc. 15.