**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No.  95-30734

---

FALCON DRILLING COMPANY, INC.

Plaintiff-Appellee

VERSUS

BILLY RAY BREELAND

Defendant-Appellant

---

No.  95-30754

---

FALCON DRILLING COMPANY, INCORPORATED

Plaintiff-Appellant

VERSUS

BILLY RAY BREELAND

Defendant-Appellee

---

Appeals from the United States District Court
for the Western District of Louisiana
(94-CV-1992)

(April 26, 1996)

Before DUHÉ, BARKSDALE, and DeMOSS, Circuit Judges.

DUHÉ, Circuit Judge:[1]

---

[1]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Both parties appeal after the dismissal of a declaratory judgment action concerning maintenance and cure obligations filed by Falcon Drilling Company pursuant to federal admiralty and maritime jurisdiction. Before dismissing the case, the district court sanctioned Defendant, Billy Ray Breeland, for violating an injunction. Falcon appeals the dismissal; Breeland appeals the sanction order. We affirm the dismissal and dismiss Breeland's appeal as moot.

Breeland, a seaman employed by Falcon, complains of a neck injury allegedly resulting from an accident aboard the ACHILLES, a Falcon vessel. Falcon filed this declaratory judgment action seeking determination of its general maritime law maintenance and cure obligations after a dispute arose regarding the necessity of surgery. The district court enjoined Breeland from having the surgery until Falcon was able to obtain an independent medical examination. Breeland underwent surgery in violation of the injunction.

Breeland then sued in state court seeking Jones Act remedies and maintenance and cure benefits and moved to dismiss the declaratory judgment action promising to hold Falcon harmless for the cost of surgery. Falcon moved for an order finding Breeland in contempt of court and for sanctions.

The court sanctioned Breeland ordering that the surgeon's opinions and findings during or after surgery were inadmissible and that Breeland could not recover from Falcon the cost of surgery or

2

for aggravation of his condition caused by the surgery.  Three days later, the district court granted Breeland's motion and dismissed the declaratory judgment action for the following reasons:

1)   There is currently pending in state court, a civil suit involving the same parties, on the same issues as the federal action.

2)   The parties have available a forum to receive full and adequate relief, and may litigate all issues in the state forum.

3)   The suit for declaratory judgment, filed prior to the state court suit, can and will deprive the plaintiff of his choice of forum in his Jones Act suit, or result in piecemeal litigation of the same issues.

4)   This court finds that to entertain this declaratory judgment complaint would deprive the plaintiff of his right to a trial by jury on the issue of maintenance and cure, by severing it from his Jones Act claim.

A district court may not dismiss a declaratory judgment action on whim or personal disinclination or without providing an explanation for the dismissal.  Rowan Companies, Inc. v. Griffin, 876 F.2d 26 (5th Cir. 1989).  Otherwise, in this Circuit, district courts have broad discretion to retain or dismiss  declaratory judgment actions.  Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599 (5th Cir. 1983); Torch, Inc. v. LeBlanc, 947 F.2d 193 (1991).  In making its determination, the district court may consider a variety of factors including, but not limited to, the existence of a pending state court proceeding in which the matters in controversy may be fully litigated, whether the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, possible inequities in

3

permitting the plaintiff to gain precedence in time and forum, or because of inconvenience to the parties or the witnesses. <u>Rowan</u>, 876 F.2d at 29.

Falcon argues that consideration of the <u>Rowan</u> factors weighs against dismissal. Even if we agreed with Falcon, we cannot say that the district court abused its broad discretion in dismissing the case in light of the articulated reasons.

Falcon also argues that the declaratory judgment should not have been dismissed because Breeland acted in bad faith when he violated the injunction citing <u>Belle Pass Towing Corp. v. Cheramie</u>, 763 F. Supp. 1348 (E.D. La. 1991). The court could have, in the exercise of its discretion, denied the motion to dismiss because of the violation of the injunction. Bad faith is a factor that can be considered and could justify a refusal to dismiss. The court did not abuse its discretion, however, by dismissing the case despite the violation.

Having successfully defended the district court's dismissal of the declaratory judgment action, Breeland's appeal of the sanction order is moot.

Judgment of dismissal is AFFIRMED. Breeland's appeal is DISMISSED as moot.