# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2011

No. 10-11005
Summary Calendar

Lyle W. Cayce
Clerk

VAL-COM ACQUISITIONS TRUST; MYRON VAN HAREN; MIA VAN HAREN,

Plaintiffs - Appellants

v.

DEUTCHE BANK TRUST COMPANY AMERICAS; SAXON MORTGAGE SERVICES, INC.,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-424-A

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Myron and Mia Van Haren purchased a home in 2002, financing the purchase through a note and deed of trust payable to Americas MoneyLine, Inc. After the mortgage went into default, the Harens transferred title to the home to Val-Com Acquisitions. In 2010, all three sued Defendants Deutsche Bank Trust Company Americas ("Deutsch Bank") and Saxon Mortgage Services, Inc.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11005

("Saxon") alleging violations of the Truth-In-Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") as well as state-law claims for fraud, negligent misrepresentation, and declaratory judgment. After Deutsche Bank removed to a federal district court with Saxon's consent, they filed an amended complaint, changing the basis of their declaratory relief from the relevant Texas statute to the federal statute.

Deutsche Bank and Saxon moved to dismiss. After an oral hearing, the district court granted their motion under Federal Rule of Civil Procedure 12(b)(6). The only matter briefed before this court is the propriety of the dismissal of Appellants' claims for declaratory relief regarding Appellees' status relative to the property in question. Thus, we conclude that any appeal of the other matters dismissed has been waived. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 417 (5th Cir. 2009) ("[W]e deem this issue waived due to inadequate briefing.").

In their amended complaint, Appellants stated: "Defendant Deutsche Bank claims to be the holder of the Note, and the person entitled to enforce the Note. . . . Defendant Deutsche Bank claims to be the holder of the Deed of Trust, and the person entitled to enforce the Deed of Trust [and] Defendant Saxon claims to be the current mortgage servicer of the Note." They alleged no facts whatsoever casting doubt on Deutsche Bank's status as assignee of the relevant documents or Saxon's status as mortgage servicer. They simply asked for "a determination and declaration of whether Defendant Deutsche Bank is the owner and/or holder of the Note and Deed of Trust" and similar declarations regarding whether Saxon is the mortgage servicer and entitled to enforce and bring a foreclosure action on the relevant documents.

A federal declaratory judgment action requires an actual case or controversy, not a mere hypothetical issue. *Pub. Serv. Comm'n, v. Wycoff Co.*, 344 U.S. 237, 242 (1952). "Our decisions have required that the dispute be

2

No. 10-11005

'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' . . . ." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal citations omitted). The district court concluded that Appellants did not allege an actual, current case or controversy on these points, and we agree. While there could be a dispute between the parties here, absent an allegation — even on information and belief — that Deutsche Bank and Saxon are not who they say they are, there is nothing for the district court to adjudicate.[1]   Accordingly, the district court properly dismissed this case.

AFFIRMED.

---

[1] *Lozano y. Ocwen Federal Bank*, 489 F.3d 636, 639 (5th Cir. 2007), is inapposite. That case involved a declaratory judgment to set aside a foreclosure deed that the plaintiffs contended was entered improperly because they had previously paid the note. *Id*. at 638. Here, the portions of the complaint on which the appeal is based do no more than ask whether Appellees are the proper parties to pursue foreclosure, etc.; they fail to allege any facts in controversy.