**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 27, 2011

No. 10-11192
Summary Calendar

Lyle W. Cayce
Clerk

VAL-COM ACQUISITIONS TRUST; SOPHA VONGKHAM,

Plaintiffs – Appellants

v.

CHASE HOME FINANCE, L.L.C.; JP MORGAN CHASE BANK, N.A.,

Defendants – Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-1075-L

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Val-Com Acquisitions Trust acquired real property located at 6067 Fox Point Trail in Dallas, Texas, from Sopha Vongkham through a general warranty deed dated February 23, 2010. The property is subject to certain liens from two loans Vongkham entered into in 2005. According to the complaint, defendant JP Morgan Chase Bank claims to hold the note and deed of trust to the property and defendant Chase Home Finance claims to be the current mortgage servicer of the underlying loan.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11192

Val-Com and Vongkham brought suit against the defendants, with Val-Com acting as authorized agent or attorney-in-fact of Vongkham with respect to the property. They alleged a variety of claims, all of which the district court dismissed under Federal Rule of Civil Procedure 12(b)(6). The plaintiffs appeal only the dismissal of their Declaratory Judgment Act claims. They seek declarations of whether JP Morgan Chase is the owner and/or holder of the note and deed of trust, whether Chase Home Finance is the mortgage servicer, and whether the defendants are entitled to enforce the note and deed of trust by means of a non-judicial foreclosure sale.

The Declaratory Judgment Act authorizes the federal courts to "declare the rights and other legal relations of any interested party seeking such declaration."[1] Such a declaration may issue only to resolve an actual controversy between the parties.[2] An actual controversy is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests."[3] The controversy "'must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.'"[4] The plaintiffs have the burden of establishing the existence of an actual controversy under the Act.[5]

Here, the plaintiffs have failed to carry that burden. The plaintiffs' first amended complaint does not allege—even on information and belief—that JP

---

[1] 28 U.S.C. § 2201(a).

[2] *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40 (1937)).

[3] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation and internal quotation marks omitted).

[4] *Rowan Cos. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967))

[5] *See Vantage Trailers, Inc. v. Beall Corp.*, 565 F.3d 745, 748 (5th Cir. 2009); *Young v. Vannerson*, 612 F. Supp. 2d 829, 840 (S.D. Tex. 2009).

No. 10-11192

Morgan Chase is not the owner and/or holder of the note and deed of trust, that Chase Home Finance is not the mortgage servicer, or that the defendants have no right to enforce the note and deed of trust by administering a non-judicial foreclosure sale.  While there could be a dispute between the parties, absent any allegation that defendants lack the interests they claim in the property, that dispute has not ripened into an actual controversy.  Any such dispute is, at this point, hypothetical or conjectural.  As a result, the district court was correct to dismiss the plaintiffs' request for a declaratory judgment.

AFFIRMED.