# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 12, 2011

No. 11-10187
Summary Calendar

Lyle W. Cayce
Clerk

MATTHEW MISCZAK, ROBERT TIMPONE, and MICHELLE TIMPONE,

Plaintiffs-Appellants,

v.

CHASE HOME FINANCE, L.L.C.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-cv-739-Y

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellants Robert and Michelle Timpone executed a Note and Deed of Trust with American Western Mortgage Company, and Appellant Matthew Misczak has acquired the property subject to the security interest. The appellants brought suit in state court against Appellee Chase Home Finance, L.L.C. seeking damages, injunctive relief, and a declaratory judgment for fraud, negligent misrepresentation, and violations of the Truth in Lending Act and the Real Estate Settlement Procedures Act. After removal to federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court, the district court granted Appellee's motion under Federal Rule of Civil Procedure 12(b)(6).

Appellants confine their appeal to the district court's dismissal of their claims for declaratory relief. Consequently, the appellants waive all other issues. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

A federal declaratory judgment action requires an actual controversy, not one that is "hypothetical, conjectural, conditional, or based upon the possibility of a factual situation that may never develop." *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989). "Our decisions have required that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial. . . ." *MedImmune, Inc. v. Greentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotations omitted). Appellants seek declaratory relief concerning Appellee's ownership, possession, and entitlement to enforce the Note. However, they have alleged no facts that call into question Appellee's status as assignee, current holder, or servicer of the Note.[1] Consequently, we agree with the district court that the appellants have failed to allege an actual, present controversy.

The judgment of the district court is AFFIRMED.

---

[1] Although our unpublished decisions are not precedent, we are persuaded by our prior reasoning on nearly identical facts. *See Val-Com Acquisitions Trust v. Chase Home Fin., L.L.C.*, 420 Fed. App'x 405, 406 (5th Cir. 2011) (per curiam) (unpublished).